UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Prakash Melwani,

                  Plaintiff,

         –v–

Amazon.com, Inc., *et al.*,

                Defendants.

20-cv-09739 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    *Pro se* Plaintiff brings this suit against Defendants for trademark infringement and related claims.  Defendants move to transfer the case to the Western District of Washington or to partially dismiss Plaintiff's complaint.  For the reasons that follow, Defendants' motion to transfer is GRANTED.

## I.    BACKGROUND

    Plaintiff, a *pro se* individual, brings claims against Defendants Amazon and CEO Jeff Bezos for trademark infringement and related claims under the Lanham Act and New York law.  Dkt. No. 1.  In Plaintiff's complaint, he alleges that he owns multiple registered trademarks using the phrase "Royal Silk" and that products with his trademark are sold on Amazon by his exclusive licensee, a company called Royal Silk Direct, Inc.  *Id.* ¶¶ 7, 16.  Plaintiff alleges that Amazon has engaged in various kinds of wrongful conduct and infringing activity with respect to his trademarks in how it runs its online marketplace.  *Id.* ¶ 69.

    Defendants filed a motion to transfer this case pursuant to 28 U.S.C. § 1404(a) because of a forum-selection clause contained in the Business Solutions Agreement that is executed between Amazon and sellers on its online marketplace, including Plaintiff and Royal Silk.  Dkt. No. 18.

According to Defendants' motion and the attached exhibits, the BSA requires, as relevant here, that the seller "consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration . . . except that . . . you or [Amazon] may bring suit in [the Western District of Washington], submitting to the jurisdiction [of that Court] and waiving our respective rights to any other jurisdiction, to enjoin infringement or other misuse of intellectual property rights."  Dkt. No. 18-1 at 2.  Defendants claim that, when a seller upgrades their account on Amazon.com, they are provided with an opportunity to read the BSA and are required to check a box indicating their acceptance of its terms and conditions before upgrading.  Defendants argue that a seller account was opened in 2006 under both the name of Plaintiff, Prakash Melwani, and Royal Silk, and that the applicable BSA agreement was executed when that account was upgraded in 2013.  *Id.*

Defendants also move to dismiss portions of Plaintiffs' complaint for failure to state a claim.  Dkt. No. 18.  Plaintiff opposes the motion, which is now fully briefed.  Dkt. Nos. 22, 24.

## II.   DISCUSSION

### A.  Legal Standard

In their motion, Defendants argue that transfer of this case is required pursuant to 28 U.S.C. § 1404(a) because of the forum selection clause contained in the BSA.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  As the Supreme Court dictated in *Atlantic Marine*, the presence of a mandatory forum-selection clause significantly alters the analysis under § 1404(a).  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Tx.*, 571 U.S. 49 at 63 (2013).  A valid and enforceable clause must "be given controlling weight

in all but the most exceptional cases." *Id.* at 60. (internal quotation marks omitted).  Therefore, to determine if this case must be transferred, the Court must first ensure that the forum-selection clause in this case is valid and enforceable and, if so, the Court must assess if transfer is required under § 1404(a).  *Ward v. Cultural Care, Inc.*, No. 19-CV-930 (AJN), 2020 WL 2832771, at *3 (S.D.N.Y. May 31, 2020).

As discussed below, the Court determines that the forum-selection clause is valid and enforceable and requires transfer to the Western District of Washington.  Because the case must be transferred, the Court will not address Defendants' motion to partially dismiss Plaintiff's complaint.

### B.  The Forum-Selection Clause is Valid and Enforceable

"Under Second Circuit law, courts apply a four-part framework to determine the validity and enforceability of a forum selection clause." *Ward*, 2020 WL 2832771, at *3.  Courts are to consider:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive . . . and (3) whether the claims and parties involved in the suit are subject to the forum selection clause.  If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable.  A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (cleaned up).

Plaintiff makes only one argument with respect to the enforceability or validity of the forum selection clause in the 2013 BSA.  He does not challenge Defendants claim that by maintaining an upgraded seller account on Amazon, a seller must assent to the BSA by checking a box indicating their acceptance of the terms and conditions therein.  He also does not contest that the language of the clause is mandatory or that enforcement of the clause would be

unreasonable, unjust, or invalid due to reasons such as fraud or overreaching.  Instead, the only challenge that Plaintiff makes to the enforceability or validity of the clause is that he was not a signatory to the 2013 BSA "in his individual capacity."  Dkt. No. 22 at 3.  While Defendants claim in their opening brief that a seller account under the name "Prakash Melwani/Royal Silk Inc." was opened in 2006, Plaintiff responds that he was "not associated with any company by the name of 'Royal Silk, Inc.' at any time in 2006 or after 2006 to the present time" and that he "has never at any time acknowledged, or accepted, or signed-off on the 2013 BSA or any other BSA in his individual capacity."  Dkt. No. 22 at 1, 3. Plaintiff argues that the facts are "in dispute" because Defendants have not provided "any time-stamped or dated documentary evidence" to support their claim that a seller account was opened in his name.  *Id.* at 1.

This challenge to the enforceability and validity of the clause fails for two independent reasons.

First, despite Plaintiff's claim that he never "signed-off on the 2013 BSA in his individual capacity," the Court determines that there is no factual dispute that Plaintiff was a signatory to the 2013 BSA.  "[A] party seeking to avoid enforcement of such a contractual [forum selection] clause is . . . entitled to have the facts viewed in the light most favorable to it, and no disputed fact should be resolved against that party until it has had an opportunity to be heard."  *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997).  As such, "in evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits, but must conduct an evidentiary hearing to resolve disputed factual questions in favor of the defendant." *Martinez,* 740 F.3d at 216–17 (internal citations omitted).

An evidentiary hearing is not warranted here.  As an initial matter, courts have

determined a plaintiff forfeits their right to an evidentiary hearing on the enforceability of a

forum selection clause by failing to seek it.  *TradeComet.com LLC v. Google, Inc*., 435 F. App'x

31, 33 (2d Cir. 2011); *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 448 (E.D.N.Y. 2013).  Plaintiff has

not requested an evidentiary hearing and therefore has waived that argument.  *See*

*TradeComet.com LLC v. Google, Inc*., 435 F. App'x 31, 33 (2d Cir. 2011) (holding that even

though a party "attest[ed] that it is disputed whether the terms of [the agreement]" including a

forum selection clause "had been reasonably communicated to it," the plaintiff "forfeited this

argument by failing to seek an evidentiary hearing before the district court.").

But even if Plaintiff had requested an evidentiary hearing, a hearing is not appropriate if

the facts are not actually disputed.  If a "plaintiff adduces no evidence that places any material

fact in dispute, it is within a district court's discretion to rely on pleadings and affidavits in

resolving a motion to dismiss based on a forum selection clause."  *Donnay USA Ltd. v. Donnay*

*Int'l S.A.*, 705 F. App'x 21, 26 n.4 (2d Cir. 2017) (summary order).  "Unsupported contentions . .

. are insufficient to place a material fact in dispute" for the purposes of this analysis.  *Du Quenoy*

*v. Am. Univ. of Beirut,* 828 F. App'x 769, 772 n.1 (2d Cir. 2020) (summary order).

A review of the pleadings and affidavits makes clear that the facts relevant to this motion

are not actually in dispute.  Defendants claimed in their opening brief and attached declarations

that an account under the name "Prakash Melwani/Royal Silk Inc." was opened in 2006.  In his

opposition, Plaintiff contests this claim on the grounds that there is no documentary evidence to

support that this account was opened and that he has never been associated with a company

called "Royal Silk, Inc."  Dkt. No. 22 at 1–4.  However, in their reply brief and attached

declarations, Defendants clarify that their opening brief contained a typo and that the account

was actually opened under the name "Prakash Melwani/Royal Silk *Direct*, Inc."  Dkt. No. 24-1
at 1–2 (emphasis added).  Further, in addition to providing testimonial evidence from individuals
with first-hand knowledge of Amazon's records, Defendants attach screenshots of Amazon
records showing that the account was opened under that name in 2006.  *Id.* at 5.

Plaintiff has contested neither that an account was opened under the name "Royal Silk
Direct, Inc." nor that he is associated with that company.  Plaintiff could not do so without
directly contradicting the allegations in his complaint that he is associated with a company called
"Royal Silk Direct, Inc." which exclusively licenses his trademarks and has been selling the
trademarked products on Amazon.com since 2006.  Therefore, there is no factual dispute that the
2006 "Prakash Melwani / Royal Silk Direct, Inc." account was opened.  Further, while Plaintiff
makes the carefully worded claim that he never executed the 2013 BSA "in his individual
capacity," he does not contest that he executed the 2013 BSA on behalf of the "Prakash Melwani
/ Royal Silk Direct, Inc." account in his capacity as a representative of Royal Silk.  In sum, the
fact that Defendants incorrectly named the company in their opening brief is not sufficient to
create a factual dispute when that error has been rectified and Plaintiff does not otherwise contest
the facts necessary for resolving this issue.

Second, even if there was a factual dispute as to whether Plaintiff *himself* executed the
2013 BSA, Plaintiff can be bound by the forum-selection clause by virtue of his close
relationship to Royal Silk Direct, Inc., which Plaintiff does not contest is a signatory.  "[T]he fact
a party is a non-signatory to an agreement is insufficient, standing alone, to preclude
enforcement of a forum selection clause."  *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d
696, 701 (2d Cir. 2009).  "[I]t is well established that a range of transaction participants, parties
and non-parties, should benefit from and be subject to forum selection clauses." *Weingard v.*

*Telepathy, Inc*., No. 05 CIV. 2024 (MBM), 2005 WL 2990645, at *5 (S.D.N.Y. Nov. 7, 2005) (internal citations omitted).

"In order to bind a non-party to a forum selection clause . . . the party must be closely related to the dispute such that it becomes foreseeable that it will be bound." *GlaxoSmithKline LLC v. Laclede, Inc.*, No. 18-CV-4945 (JMF), 2019 WL 293329, at *4 (S.D.N.Y. Jan. 23, 2019) (cleaned up). "A non-party is closely related to a dispute if its interests are completely derivative of and directly related to, if not predicated upon the signatory party's interests or conduct." *BMW of N. Am. LLC v. M/V Courage,* 254 F. Supp. 3d 591, 598 (S.D.N.Y. 2017) (internal citations omitted). "Whether a party is closely related to a signatory is a fact-specific inquiry." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.,* 952 F. Supp. 2d 542, 561 (S.D.N.Y. 2013). "Courts in this district have generally found such close relationship in two kinds of situations: (1) where the non-signatory had an active role in the transaction between the signatories, or (2) where the non-signatory had an active role in the company that was the signatory." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 351 (S.D.N.Y. 2020) (cleaned up). For example, courts have enforced forum-selection clauses against "non-signatory alter-egos, corporate executive officers, and successors-in-interest, as well as third-party beneficiaries to a contract . . . under certain circumstances." *Id.* (cleaned up).

The Court holds that Plaintiff and Royal Silk are sufficiently closely related for the forum-selection clause to be enforced against Plaintiff even if he was not a signatory. Defendants attached a declaration and supporting exhibits demonstrating that Plaintiff is the Chief Executive Officer of Royal Silk Direct, Inc., which Plaintiff does not contest. Dkt. No. 24-2. Further, Plaintiff alleges that Royal Silk is the exclusive licensee of his alleged trademark. Plaintiff also alleges that Royal Silk has been selling on Amazon.com since 2006 and does not

contest that the seller account is jointly under his name and the name of the company.  Indeed, the entire purpose of Plaintiff's suit is to protect the use of his trademark by Royal Silk on Amazon.com.  Therefore, Plaintiff has not only an active role at signatory company Royal Silk as CEO, but also played an active role in the transactions at issue between the Royal Silk and Amazon.com, who are the signatories of the forum-selection clause.  As such, Plaintiff and Royal Silk are sufficiently closely related that the forum-selection clause may appropriately be enforced against him.

### C.  Transfer is Required under Section 1404(a)

Having determined that the forum-selection clause is valid and enforceable in this case, the Court must still determine whether transfer is required under § 1404(a).

Ordinarily, in determining whether to transfer a case pursuant to § 1404(a), a court considers the following non-exhaustive set of factors: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and citation omitted).

However, if a court determines that a mandatory forum-selection clause governs the claims in a given action, as is the case here, then the calculus changes.   Although the court must still determine if transfer is warranted under § 1404(a), "a proper application of [that statute] requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 59–60 (internal quotation marks omitted).  The Supreme Court instructs that the following "adjustments" should be made to the "§ 1404(a) analysis when [a]

transfer motion is premised on a forum-selection clause." *Id*. at 62.  First, "the plaintiff's choice of forum merits no weight" and "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id*. at 63.  Second, the Court "should not consider arguments about the parties' private interests," because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 64.  Accordingly, the Court may only consider arguments relating to the public-interest factors, including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Ward*, 2020 WL 2832771, at *5 (cleaned up) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  To reject a forum-selection clause, the Court must determine that the public interest factors "overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67.

Plaintiff does not make any arguments with respect to whether the public interest factors weigh against transferring the case to the Western District of Washington.  Nor can the Court identify a public interest that strongly counsels keeping the case in New York.  The only apparent nexus between the facts alleged in this lawsuit and the state of New York is Plaintiff's personal proximity to the Southern District, but the Court cannot give Plaintiff's private interests or forum preference any weight in this analysis.  *See Atl. Marine*, 571 U.S. at 64.  Therefore, because Plaintiff has identified no countervailing public interest, let alone one that overwhelmingly disfavors transfer, the Court must transfer the case to the Western District of Washington under § 1404(a).

## III.    CONCLUSION

Defendants' motion to transfer GRANTED.  This resolves Dkt. No. 18.  Because the case must be transferred, the Court will not address Defendants' motion to partially dismiss Plaintiff's complaint.

The Clerk of Court is respectfully directed to transfer this case to the Western District of Washington.


SO ORDERED.

Dated: September 27, 2021
        New York, New York

_____
            ALISON J. NATHAN
         United States District Judge

10